NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIO NAPOLEON RIOS,

      Petitioner,

  v.

JEFFERSON B. SESSIONS, III, Attorney General,

      Respondent.

No.   14-73095

Agency No. A072-270-441

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Elio Napoleon Rios, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen for failure to show prejudice, where Rios offered no evidence of any plausible grounds for relief. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008) (to establish prejudice resulting from counsel's deficient performance in failing to raise claims for relief, a petitioner must "show plausible grounds for relief" (internal quotation marks and citations omitted)).

We lack jurisdiction to consider Rios's contentions that the agency erred or abused its discretion in denying his application for cancellation of removal because this petition for review is not timely as to the BIA's 2013 order. *See* 8 U.S.C. § 1252(b)(1) (petition for review of a final order of removal must be filed within 30 days of that order); *Martinez-Serrano v. INS*, 94 F.3d 1256 (9th Cir. 1996) (this court lacks jurisdiction to review an underlying order of removal, where a petitioner did not seek timely review of that order, and instead filed a petition for review from the denial of a later motion to reopen).

We do not consider the documents that Rios submitted with his opening brief because they were not part of the administrative record. *See* 8 U.S.C.A.

14-73095

§ 1252(b)(4)(A)(judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out of record evidence).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**